UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
(or other appropriate district)

---

**RAYMOND ELANGOVAN**,    )
Plaintiff,    )

v.    )    Case No.: _____

**BAYER CORPORATION**,    )
Defendant.    )

---

## COMPLAINT

## I. NATURE OF THE ACTION

This action arises under Title VII of the Civil Rights Act of 1964.

Plaintiff brings claims for retaliation, wrongful termination/constructive discharge and discrimination based on national origin.

Defendant terminated Plaintiff under pretextual allegations after Plaintiff engaged in protected activity.

---

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e.

Venue is proper in this district because the unlawful employment practices occurred in Saint Louis County, Missouri.

---

## III. PARTIES

Plaintiff Raymond Elangovan is an individual residing in Saint Charles County, Missouri.

Defendant Bayer Corporation is an employer doing business in US with its Crop Science Corporation Headquartered in Saint Louis County, Missouri.

---

## IV. ADMINISTRATIVE EXHAUSTION

Plaintiff filed a charge with the EEOC (Charge No. 560-2025-02213).

The EEOC issued a Notice of Right to Sue on or about February 4, 2026.

Plaintiff files this action within 90 days of receipt.

## V. FACTUAL ALLEGATIONS

**Employment Background**

Plaintiff was employed by Defendant and its predecessor from 2009 through January 2025.

Plaintiff held various finance roles and most recently served as Senior Financial Analyst.

Plaintiff consistently performed satisfactorily prior to mid-2024.

**Protected Activity**

In or about July 2024, Plaintiff complained to Human Resources regarding workplace treatment, safety concerns, and conditions related to work location and visa issues.

Plaintiff also raised concerns regarding management conduct and internal practices.

**Adverse Actions**

After Plaintiff's complaints, Defendant subjected Plaintiff to increased scrutiny and adverse treatment.

Plaintiff was denied internal opportunities and subjected to heightened questioning regarding visa, tax, work location, etc during the post-pandemic phase.

Defendant initiated an investigation after Plaintiff's complaints.

**Termination**

In December 2024, Defendant intensified scrutiny regarding Plaintiff's expenses and status.

Plaintiff had previously submitted expense reports that were reviewed and approved.

On January 9, 2025, in an inappropriate call setting, the Plaintiff was informed that a decision regarding his employment had already been made and final.

Plaintiff was not given a meaningful opportunity to respond.

Plaintiff submitted a resignation under coercive circumstances.

On January 10, 2025, Defendant issued a termination for cause alleging falsification of expense records and violation of flexible work location policy.

---

**Pretext**

Defendant's stated reason is false and pretextual.

The expenses cited had previously been approved.

The investigation was not fair or thorough.

The timing of the termination followed Plaintiff's protected activity.

Defendant deviated from standard procedures.

---

## VI. CLAIMS

### COUNT I – RETALIATION (Title VII)

Plaintiff engaged in protected activity by raising complaints to Human Resources and Compliance.

Defendant took materially adverse actions against Plaintiff, including termination.

There is a causal connection between the protected activity and the adverse actions.

Defendant's actions violate Title VII.

---

### COUNT II – NATIONAL ORIGIN DISCRIMINATION (Title VII)

Plaintiff is of Indian national origin.

Plaintiff was qualified for his position.

Plaintiff was subjected to adverse treatment, including termination.

The circumstances give rise to an inference of discrimination.

Defendant's stated reasons are pretextual.

Defendant's actions violate Title VII.

---

### COUNT III – WRONGFUL TERMINATION / CONSTRUCTIVE DISCHARGE

Plaintiff incorporates all preceding paragraphs.

Defendant terminated Plaintiff in violation of public policy, including Plaintiff's right to engage in protected activity and to be free from discrimination based on national origin.

The termination was coercive, pretextual, and directly followed Plaintiff's protected complaints.

Defendant deviated from standard disciplinary procedures and applied policy inconsistently to Plaintiff.

As a result of the wrongful termination, Plaintiff suffered lost wages, lost benefits, emotional distress, and reputational harm.

## VII. DAMAGES

Plaintiff has suffered significant economic and non-economic damages, including:

Economic Loss: Loss of a severance package and separation benefits withheld through Defendant's bad-faith actions.
Post-Termination Losses: Lost wages (back pay) and lost benefits from the date of his constructive discharge.
Career and Reputational Harm: The "for cause" label and "ineligible for re-hire" status have caused substantial harm to Plaintiff's professional reputation and future earning capacity.
Emotional Distress: Significant distress caused by retaliatory scrutiny and the coerced nature of his departure after 15+ years of service.

Defendant's conduct was willful, malicious, and in reckless disregard of Plaintiff's protected rights.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enter judgment in favor of Plaintiff and against Defendant on all claims;
b. Award back pay, front pay, and the full value of the severance package and benefits denied to Plaintiff as a result of the coerced termination (as deemed applicable);
c. Award compensatory and punitive damages in an amount to be determined at trial for emotional distress and reputational harm;
d. Order Equitable Relief, including:

1. A formal written apology from Defendant to Plaintiff;
2. An order requiring Defendant to clear Plaintiff's personnel record of the "for cause" termination and the "ineligible for re-hire" status;

e. Award costs and attorney's fees (if applicable);

f. Grant all other relief the Court deems just and proper.

---

## IX. JURY DEMAND

Plaintiff demands a trial by jury.

---

Respectfully submitted,

Raymond Elangovan

Pro Se Plaintiff

1734 Summergate Estates Drive

Saint Peters, MO 63303

eraymond77@gmail.com

417-773-5942

Date: 05/04/2026